Zimmerman, J.
The municipal ordinance in issue is very similar in context to Section 2923.01, Revised Code, which section recites in part:
“No person shall carry a pistol, bowie knife, dirk, or other dangerous weapon concealed on or about his person. * * *
“Whoever violates this section shall be fined not more than 500 dollars, or imprisoned in the county jail or workhouse not *388 less than 30 days nor more than six months, or imprisoned in the penitentiary not less than one nor more than three years.” (Emphasis supplied.)
Therefore, the question to be decided is whether a municipality, under the police power given it by Section 3, Article XVIII of the Constitution of Ohio, may validly enact and enforce an ordinance prohibiting the carrying of concealed weapons and making the violation thereof a misdemeanor, in face of a statute covering the same subject and providing that a convicted offender may be sentenced to the penitentiary.
This question is not without difficulty. Section 3, Article XVIII of our Constitution, provides:
“Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.” (Emphasis supplied.)
It is, therefore, apparent that a police regulation in a municipal ordinance may not validly contravene a statutory enactment of general application throughout the state, and must give way if it is in conflict therewith.
Section 1.06, Bevised Code, states:
“Offenses which may be punished by death or by imprisonment in the penitentiary are felonies; all other offenses are misdemeanors. * * *” (Emphasis supplied.)
And this court has held that, where punishment for an offense charged may be imprisonment in the penitentiary, this fixes its character and makes it a felony, notwithstanding that it may also be punished as a misdemeanor. McKelvy v. State, 87 Ohio St., 1, 7, 99 N. E., 1076, 1077; Seaman v. State, 106 Ohio St., 177, 179, 140 N. E., 108, 109.
Section 10, Article I of the Constitution, provides:
“Except in cases * * # involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury * * *.” (Emphasis supplied.)
According to the modern and prevailing view, an “infamous crime” is one which is determined by the nature of the punishment and not by the character of the crime, and any offense is *389 infamous that is punishable by death or by imprisonment in the penitentiary. It is not the punishment actually inflicted but the punishment that may be imposed which establishes an offense as a misdemeanor or felony. 22 Corpus Juris Secundum, 54, Criminal Law, Section 3; 42 Corpus Juris Secundum, 841, Indictments and Informations, Section 9; 21 Words and Phrases (Perm. Ed.), 252 et seq., Infamous Crimes.
So, generally, a presentment or indictment by a grand jury is essential in the prosecution of an “infamous crime,” and a prosecution in any other manner is unauthorized and a nullity for want of jurisdiction. 42 Corpus Juris Secundum, 838 et seq., Indictments and Informations, Section 9.
Section 1901.20, Bevised Code, gives a Municipal Court “jurisdiction to hear felony cases committed within its territory and to discharge, recognize, or commit the accused.”
From what has been said, it would seem obvious that the offense of carrying concealed weapons is a felony under the statute relating to that subject, and an ordinance which makes the same offense a misdemeanor, punishable only as such, conflicts with the statute and is invalid.
We are aware that in the case of Village of Struthers v. Sokol, 108 Ohio St., 263, 140 N. E., 519, followed in other later cases decided by this court, it was declared that in determining whether a conflict exists between a statutory enactment and a municipal ordinance “the test is whether the ordinance permits or licenses that which the statute forbids and prohibits and vice versa.” But surely this test is not exclusive. Although the ordinance in issue does not permit what the statute prohibits, and vice versa, it does contravene the expressed policy of the state with respect to crimes by deliberately changing an act which constitutes a felony under state law into a misdemeanor, and this creates the kind of conflict contemplated by the Constitution. Conviction of a misdemeanor entails relatively minor consequences, whereas the commission of a felony carries with it penalties of a severe and lasting character. See 16 Ohio Jurisprudence (2d), 116, Section 750.
If by ordinance a municipality can make the felony of carrying concealed weapons .a misdemeanor, what is there to prevent it from treating armed robbery, arson, rape, burglary, *390 grand larceny or even murder in the same way, and finally dispose of such offenses in the Municipal Court.
We concede that, as a practical matter, a holding that a concealed-weapons ordinance, like the one in the instant case, is valid might be desirable to encourage the apprehension and prosecution of those who carry concealed weapons in unaggravated circumstances, but we can not ignore those provisions of organic and statutory law which preclude such a result.
No error being found in the judgment of the Court of Appeals, such judgment is affirmed.

Judgment affirmed.

Weygandt, C. J., Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.